UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Johnny M. Ruffin, Jr.,
    Plaintiff,

v.          05-3007

Illinois Department of Corrections, et al.,
    Defendants.

OPINION

    Before the court are the plaintiff's motion for reconsideration [249] of the court's order granting summary judgment to the defendants and the defendants' response [250]. The court granted the defendants' motion for summary judgment on September 30, 2010. The plaintiff now asks the court to reconsider pursuant to Federal Rule of Civil Procedure 60(a), which allows the Court to correct a clerical mistake or a mistake arising from an oversight or omission. Plaintiff asserts that the court noted in its order granting summary judgment that plaintiff failed to contest any of the material facts offered by the defendants as undisputed. Plaintiff advises the court this is incorrect and that he did challenge those proposed undisputed facts. The court has reviewed the record and finds that the plaintiff's assertion is correct. Plaintiff's Statement of Contested Facts is docketed as number 233. However, after reviewing and considering the plaintiff's disputes, the court's decision to grant summary judgment does not change.

    The plaintiff disputed the following facts offered by the defendants:

7.    Defendant Snyder did not receive or review any of Plaintiff's letters or grievances regarding medical care or treatment. (Doc. 179, Exh. B, ¶6).
8.    Defendant Snyder did not receive or review any of Plaintiff's letters or grievances regarding retaliation or harassment by employees of the Illinois Department of Corrections. (Doc. 179, Exh. B, ¶7).
9.    Defendant Walker did not receive or review any of Plaintiff's letters or grievances regarding violations of the Rehabilitation Act at Lawrence Correctional Center or Pinckneyville Correctional Center. (Doc. 179, Exh. B, ¶8).
10.    Defendant Walker did not receive or review any of Plaintiff's letters or grievances regarding medical care or treatment. (Doc. 179, Exh. B, ¶8).
11.    Defendant Walker did not receive or review any of Plaintiff's letters or grievances regarding retaliation or harassment by employees of the Illinois Department of Corrections. (Doc. 179, Exh. B, ¶9).

    In reply to Plaintiff's response to Defendants' Undisputed Material Facts 7, 8, 9, 10,

1

and 11, Plaintiff incorrectly asserts that although Defendants Walker and Snyder may not have received Plaintiff's letters and grievance appeals, Defendants were required by Illinois state law to evaluate grievance appeals. However, 20 Illinois Admin. Code Section 504.805, which sets forth the responsibilities of the Director of the Department of Corrections, "Unless otherwise specified, the Director . . . may delegate responsibilities stated in this Subpart to another person . . . or designate another person . . . to perform the duties specified." 20 Illinois Admin. Code Section 504.805. Therefore, Plaintiff cannot prove, as a matter of law, that Defendants Walker or Snyder had any personal involvement with his claims, as required by 42 U.S.C. Section 1983, nor can Plaintiff prove that Defendants Walker or Snyder were required to personally respond or investigate every inmate appeal.

27. Lawrence Correctional Center provides all offenders with equal access to the gym, as well as equal access to available exercise and recreational equipment. (Doc. 179, Exh. S, Boyd Affidavit, ¶3).
30. The Lawrence Correctional Center gyms have no architectural barriers to the weight equipment. The gym is equipped as budgetary and security issues allow. The gym is an open area in all respects and basketballs are available upon offender request at the beginning of the gym period. (Exh. S, ¶5).
31. All offenders at Lawrence Correctional Center are given equal opportunity to attend gym if they are in general population. Those offenders housed in segregation are subject to the policies and procedures relating to segregation. (Exh. S, ¶6).
32. Both disabled and non-disabled inmates were prevented from playing pick-up basketball games by other inmates. (Complaint, p. 13, ¶32).

Plaintiff disputes Defendants' Material Facts 27, 30, 31, and 32, and claims that as a disabled inmate, he was denied equal access to the gym at Lawrence Correctional Center. Plaintiff cites to a Document 144 to support his response, as well as his Exhibit J. Document 144 in this matter was assigned to Defendants' Motion for Enlargement and does not support the plaintiff's statement. He also cites to his affidavit attached to his Motion for Leave to File Supplemental Document In Supporting of his Response to Both IDOC and HPL's Motion For Summary Judgments [216]. Plaintiff's self-serving affidavit disputes that there were no architectural barriers in the Lawrence Correctional Center's gym, in direct contradiction with Defendants' Material Fact number 30, but Plaintiff has not supported his contradiction with any corroborating evidence. Plaintiff also challenges the statement that he was given equal access to the basketball courts at Lawrence Correctional Center, however, Plaintiff's own statement in his complaint demonstrates that all inmates, regardless of disability, were prevented from playing basketball by other inmates, contradicting his argument that Defendants violated the Rehabilitation Act.

33. When an inmate with a disability is transported out of Lawrence Correctional Center pursuant to a writ, employees of the Illinois Department of Corrections accommodate the inmate's disability while complying with the writ. (Exh. S, ¶7).
36. Defendant Snyder did not deny Plaintiff the use of his prosthetic devices on court writs.

(Exh. A, pp. 32-33).
38. Defendant Walker did not deny Plaintiff the use of his prosthetic devices on court writs. (Exh. A, p. 34, lines 7-15).
39. Defendant Pierce did not deny Plaintiff the use of his prosthetic devices on court writs. (Exh. A, p. 34, lines 7-15).
41. Defendant Pulley did not deny Plaintiff the use of his prosthetic devices on court writs. (Exh. A, p. 34, lines 1-3, Exh. E, ¶4).
42. Defendant Garnett did not deny Plaintiff the use of his prosthetic devices on court writs. (Exh. A, p. 34, lines 16-19).

Plaintiff disputes Defendants' Material Facts numbers 33, 36, 38, 39, 41, and 42, material facts involving claims regarding his transportation for writs during his incarceration at Lawrence Correctional Center. Plaintiff argues in his response that he suffered medical complications as a result of the denial of his right-hand/arm and leg braces during writs, yet fails to support his argument with medical evidence of any injury. To the extent that Plaintiff claims Defendants were deliberately indifferent to a serious medical need when he did not have access to the braces during his writs, Plaintiff fails to establish the personal involvement of the Defendants to create liability under 42 U.S.C. Section 1983. Plaintiff claims he spoke to Defendants Pierce and Garnett regarding his access to his braces, but he does not have evidence that these defendants denied him the use of his prosthetic devices. Further, there is no evidence in the record that Plaintiff had any restrictions issued by qualified medical personnel such that he was required to be provided access to his right-hand/arm and leg braces during his writs.

43. There was no policy or procedure in place at Lawrence Correctional Center for employees of the Illinois Department of Corrections to deny inmates access to programs or activities based on their disabilities. (Exh. F, ¶8).
44. Defendants Garnett and Pierce did not establish a custom or policy to deny Plaintiff meaningful access to the gym at Lawrence Correctional Center. (Exh. F, ¶5, Exh. K, ¶5).
45. Defendants Garnett and Pierce did not establish a custom or policy to deny Plaintiff reasonable accommodation to the use of his prosthetic devices on court writs. (Exh. F, ¶6, Exh. K, ¶6).

Plaintiff's response to Material Fact number 43 cites to his responses to Defendants' Material Facts numbers 27 and 33. Plaintiff offers no evidence to refute Defendants' Material Fact number 43, and as such, cannot disprove Defendants' Material Fact number 43. Plaintiff cites to his response to Material Facts numbers 27 and 33 in response to Defendants' Material Facts numbers 44 and 45. In those responses, Plaintiff cites to his own affidavit in order to refute Defendants' statements about policies generally, including the general layout of the gym. However, Plaintiff's affidavit cannot refute Defendants' statements that they did not establish a custom or policy to deny Plaintiff meaningful access to the gym at Lawrence Correctional center or a reasonable accommodation to the use of his prosthetic devices on court writs. Nor, presumably, did Defendants build Lawrence Correctional Center.

3

47.     Plaintiff received medical care while he was incarcerated at Lawrence Correctional Center. (Exh. A, p. 49, lines 8-11).
58.     Plaintiff's medical records indicate that on December 2, 2003, Dr. Gonzalez ordered Plaintiff to strengthen his legs by walking. (Exh. R, ¶7).

Plaintiff does not refute Defendants' Material Fact number 47, but instead offers additional facts. Plaintiff incorrectly asserts that Defendants are liable for the alleged failure to hire medical staff, specifically, a physical therapist and offers no evidence that Lawrence Correctional Center was required to hire a physical therapist or that he was prescribed physical therapy by a medical professional. Plaintiff does not refute Defendants' Material Fact number 58, but instead offers additional facts. Plaintiff's assertion that he was unable to walk during his incarceration at Lawrence Correctional Center does not dispute Defendants' Material Fact number 47 that he was informed by a medical professional to strengthen his legs by walking.

60.     Plaintiff refused this treatment during the December 8, 2003 to July 26, 2004 a total of 15 times. (Exh. R, ¶7).
61.     On June 11, 2004, Plaintiff refused his appointment to ride the stationary bike in the Health Care Unit and attempt to stand because he was sore from lifting weights in the gym. (Exh. R, ¶2).

Plaintiff argues in response to Defendants' Material Facts numbers 60 and 61 that he intentionally refused exercise treatment, but had reasonable excuses for missing his appointments. Plaintiff refutes that he was sore from lifting weights in the gym and attempts to support his argument by citing to his medical records which refute his statement. Whether or not Plaintiff's refusal to attend treatment including ambulation, stretching exercises and riding a stationary bike was reasonable, the fact that he was receiving treatment and refused to attend indicates that he did not take his medical care seriously, and as such, Defendants cannot be held liable as being deliberately indifferent to his serious medical needs when Plaintiff was provided with access to treatment.

63.     Defendant Brian did not have direct involvement in any decisions concerning medical care for Plaintiff, and did not direct or approve a course of treatment for Plaintiff. (Exh. J, ¶6).
64.     Defendant Walker did not deny Plaintiff access to medical care or treatment. (Exh. A, p. 48, lines 16-19).
65.     Defendant Snyder did not deny Plaintiff access to medical care or treatment. (Exh. A, p. 48, lines 20-22).
66.     Defendant Pulley did not deny Plaintiff access to medical care or treatment. (Exh. A, p. 48, lines 23-25).

Plaintiff cites to his response to Defendants' Material Fact number 47 in an attempt to refute Defendants' Material Facts numbers 63, 64, 65, and 66. While Plaintiff asserted in his response to Defendants' Material Fact number 47 that Defendants failed to hire

4

adequate medical staff, this does not disprove the facts that Defendant Brian did not have direct involvement in Plaintiff's medical care, or that Defendants Walker, Snyder, and Pulley did not deny Plaintiff access to medical care or treatment.

68. Plaintiff is suing Defendants Ray and Teverbaugh because they were Adjustment Committee Members who found Plaintiff guilty of a disciplinary ticket. (Exh. A, pp. 52-53).
69. Defendants Ray and Teverbaugh did not retaliate against Plaintiff. (Exh. A, p. 53, lines 10-15).
75. Defendants deny that they retaliated against or harassed Plaintiff. (Exhs. C, ¶7, D, ¶7, E, ¶6, F, ¶11, G, ¶9, H, ¶7, I, ¶7, K, ¶8, L, ¶3).
76. Defendants did not file false or retaliatory disciplinary tickets against Plaintiff. (Exhs. C, ¶5, D, ¶5, E, ¶5, G, ¶5, L, ¶4).
77. Defendant McCorkle never ordered Plaintiff to leave the law library out of retaliation or to harass Plaintiff. (Exh. L, ¶5).

Plaintiff cites to his own self-serving affidavit in support of his argument that Defendants retaliated against him, or conspired to retaliate against him. Plaintiff cites no facts regarding a conspiracy. He must makes the conclusory allegation. Plaintiff additionally cites to grievances he filed, as well as interrogatories completed by Defendants. The filing of grievances by Plaintiff does not lead to the conclusion that Defendants retaliated against Plaintiff.

79. Defendants Garnett and Pierce did not review Plaintiff's grievances or the final determinations by their designees of the decisions regarding Plaintiff. (Exh. F, ¶4; Exh. K, ¶4).

Plaintiff argues that Defendants Garnett and Pierce were obligated to review his grievances and appeals. As Defendants stated in their reply to Plaintiff's response to Material Fact number 7, Defendants are entitled to delegate their responsibilities to designees, including the review of grievances and final determinations. Plaintiff offers no evidence to prove that Defendants Garnett and Pierce reviewed Plaintiff's grievances or final determinations by their designees.

80. Inmates housed in segregation at Pinckneyville Correctional Center have their disciplinary tickets heard in the cell house where the inmate lives. (Exh. M, ¶4).
86. Defendants did not discriminate against Plaintiff due to his disability. (Exh. M, ¶5, Exh. N, ¶6, Exh. Q, ¶5).
88. Defendant Evans did not establish a custom or policy at Pinckneyville Correctional Center to deny Plaintiff meaningful access to the disciplinary proceedings. (Exh. O, ¶5).
89. Defendant Flagg did not deny Plaintiff meaningful access to the disciplinary proceedings at Pinckneyville Correctional Center. (Exh. P, ¶3).

Plaintiff's underlying argument in regards to the disciplinary proceedings that took place

5

in Pinckneyville Correctional Center's segregation unit is that he was found guilty of his disciplinary tickets because Defendants Deen and Davenport could not hear his defense. This does not refute the fact that all inmates housed in segregation at Pinckneyville Correctional Center have their disciplinary tickets heard in segregation, regardless as to whether or not they are disabled. Plaintiff cannot support his claims of a violation of the Rehabilitation Act because inmates, with or without a disability, have their disciplinary tickets heard in the segregation unit. Therefore, Plaintiff was not denied a reasonable accommodation, nor does he have support for his argument that he was denied a reasonable accommodation to disciplinary proceedings.

92. Disabled inmates and non-disabled inmates are allowed to shower during day room time. (Exh. A, p. 72, lines 6-12).
95. Plaintiff believes that fifteen minutes, in addition to the day room times when all inmates are allowed to shower, is inadequate. (Exh. A, p. 72, lines 13-24).
96. Pinckneyville Correctional Center provided disabled inmates, including Plaintiff, with time in excess of that allowed for non-disabled inmates to shower. (Exh. P, ¶4).
97. Defendant Flagg did not deny Plaintiff meaningful access to the shower area at Pinckneyville Correctional Center. (Exh. P, ¶4).
98. Defendant Evans did not establish a custom or policy at Pinckneyville Correctional Center for a discriminatory shower policy. (Exh. O, ¶4).

In response to Defendants' Material Facts numbers 92, 95, 96, 97, and 98, Plaintiff claims in his affidavit that he was only allowed fifteen minutes, total, to shower. This is contrary to Plaintiff's deposition testimony that disabled inmates were allowed to shower both fifteen minutes before and after day room time, as well as during day room time from 12:30 to 2:30. Therefore, disabled inmates were given time to shower in excess of that provided to non-disabled inmates, and as such, Plaintiff cannot support his argument that he was denied equal access to the shower facilities. Additionally, Plaintiff offers no evidence to refute the fact that Defendant Flagg did not deny him meaningful access to the shower area, or that Defendant Evans did not establish a discriminatory shower policy for disabled inmates housed at Pinckneyville Correctional Center.

The court having reviewed Plaintiff's disputes of Defendants' Material Facts finds that Plaintiff failed to prove Defendants violated Section 504 of the Rehabilitation Act of 1973. Plaintiff has offered no evidence to prove that he was denied access to programs or activities solely due to his disabilities while he was housed at Lawrence Correctional Center. Plaintiff states in his Amended Response that Defendant admitted that the congestion in the gym at Lawrence Correctional Center impacted all inmates, and that this statement refutes Defendants' argument that they did not violate the Rehabilitation Act. Plaintiff is incorrect in his interpretation of Defendants' statement. Because the gym was congested, all inmates, not just disabled inmates, were impacted by the congestion. Therefore, Plaintiff cannot prove that Defendants violated the Rehabilitation Act based on the gym located at Lawrence Correctional Center. As to Plaintiff's right hand/arm brace, Plaintiff still cannot show that non-disabled inmates received access to a program or activity, in this case, a prosthetic device, that was denied

6

to Plaintiff solely based on his disabilities, and his claim under the Rehabilitation Act must fail. Plaintiff's claims against Pinckneyville Correctional Center under the Rehabilitation act must also fail. Plaintiff refutes his deposition testimony that disabled inmates had the opportunity to shower prior to day room time, in addition to all inmates given the opportunity to shower during day room time. Plaintiff was receiving a benefit not equal to, but in excess of, what non-disabled inmates were receiving in regards to time allotted for showering, and as such, he cannot state a claim for a violation of the Rehabilitation Act. Plaintiff also fails to support his argument that he was denied equal benefits and access to the disciplinary proceedings at Pinckneyville Correctional Center. Plaintiff attempts to assert that Defendants Deen and Davenport were unable to hear his defense, and therefore, he did not have equal access to the disciplinary proceedings. Plaintiff offers no evidence that Defendants Deen and Davenport were unable to hear his defense. Additionally, all inmates housed in segregation had their disciplinary tickets heard in segregation, meaning that Plaintiff had equal access to the disciplinary proceedings in segregation as the other inmates housed in segregation.

Plaintiff claims that Defendants failed to respond to Plaintiff's argument that Defendant Townley violated the Rehabilitation Act and the Constitution based on Defendant Townley's alleged retaliatory conduct following Plaintiff's verbal and written grievances concerning Defendant Townley. Plaintiff's amended complaint did not assert that Defendant Townley retaliated against Plaintiff due to his disability, but because Plaintiff opposed the shower policy at Pinckneyville Correctional Center. Defendant Townley continues to assert that he did not retaliate against Plaintiff due to grievances Plaintiff may have filed against him. (Doc. 179, Exhibit Q, Townley Affidavit). Additionally, Plaintiff offers no direct evidence that Defendant Townley was aware of any grievances filed against him to support his arguments of retaliation.

Based on the above and the court's September 30, 2010 order, summary judgment in the Defendants' favor is the correct decision. Plaintiff has not proved the personal involvement of Defendants Snyder, Walker, Garnett, and Pierce. Defendants Snyder, Walker, Garnett, and Pierce had no personal involvement in Plaintiff's claims. Plaintiff has offered no evidence that Defendants Snyder, Walker, Garnett, or Pierce were informed of Plaintiff's complaints through letters and grievances. Plaintiff's assertion that Defendants were obligated to review his grievances and appeals is incorrect, as these duties may be delegated to a designee. Therefore, Defendants Snyder, Walker, Garnett, and Pierce are entitled to summary judgment in this matter for Plaintiff's failure to prove their personal involvement as required by 42 U.S.C. Section 1983.

Plaintiff still fails to have proven an Eighth Amendment violation for deliberate indifference. Plaintiff asserts that he proved an Eighth Amendment violation for deliberate indifference to his serious medical needs, yet provides no documentary support for his assertion to either prove his argument, or to create a material issue of fact. A deliberate indifference claim must satisfy two requirements. The first requirement is objective: the plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan* 511 U.S. 825, 834; 114 S. Ct. 1970, 1977 (1994). The second requirement is subjective; the plaintiff must prove the prison official exhibited

deliberate indifference to plaintiff's safety. *Id*. Plaintiff failed to show that Defendants' actions constituted a refusal to prevent harm or showed a total unconcern for the medical needs of Plaintiff. Plaintiff asserts that Defendants failed to provide a physical therapist during his incarceration at Lawrence Correctional Center and failed to provide him access to his prosthetic devices during court writs. However, Plaintiff cannot impose liability on Defendants Pierce, Garnett, Snyder, and Walker. None of these Defendants had personal involvement in Plaintiff's claims and they are dismissed from this cause of action based on their lack of personal involvement in Plaintiff's claims. Personal involvement is required for liability under § 1983. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters,* 97 F.3d 987, 993 (7th Cir.1996) (*quoting Sheik-Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir.1994)); *see also Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995); *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir.1994). Additionally, Plaintiff has failed to place any evidence in the record that shows he was medically prescribed physical therapy. Therefore, he has not supported his claims of deliberate indifference on the part of these non-medical Defendants for failure to provide Plaintiff with care he was not prescribed. Likewise, there is no evidence in the record that Plaintiff was medically prescribed the use of his prosthetic devices while on court writs, or that Plaintiff requested the use of the prosthetic devices from a medical professional.

Plaintiff has not supported his argument that he was retaliated against or harassed by Defendants. Plaintiff fails to support a claim for retaliation or harassment on the part of Defendants. While Plaintiff has referenced several grievances he has filed against Defendants or other employees of the Illinois Department of Corrections, he fails to allege or prove a chronology of events that would create the inference of retaliation on the part of Defendants. A majority of Plaintiff's claims relate to the fact that he received disciplinary tickets, and was later found guilty of those tickets. A claim for retaliation is stated when a prisoner sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)(*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Plaintiff has not supported his claim of retaliation.

Plaintiff is not entitled to injunctive relief. In *Green v. Mansour* 474 U.S. 64, (1986), the United States Supreme Court held that injunctive relief is improper in suits where there is no ongoing violation of the plaintiff's constitutional rights. As the court has found no violations, Plaintiff is not entitled to injunctive relief.

Based on the foregoing, it is ordered:

1. The plaintiff's motion for reconsideration [249] of the court's September 30, 2010 order granting summary judgment is denied.

Entered this 25th day of July, 2011.

**\s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge